IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**KIMBERLY ANN GRECCO,**

No. 3:15-cv-01379-CL

Plaintiff,

**REPORT AND
RECOMMENDATION**

v.

**COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,**

Defendant.

_____

MARK D. CLARKE, Magistrate Judge.

Plaintiff Kimberly Ann Grecco ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her applications for

Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). This court

has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Appeals Council erroneously

Page 1 - REPORT AND RECOMMENDATION

rejected relevant evidence, this court should **REVERSE** the Commissioner's decision and **REMAND** for further proceedings.

## BACKGROUND

Plaintiff was born on May 20, 1964, and was 49 years old at the time of the hearing. Tr. 265. She has a tenth grade education, completed her General Education Degree, and has worked as a sandwich maker, bar tender, cabinet assembler, and general clerk. Tr. 44. Plaintiff filed two previous applications which were denied by the ALJ and on review by the Appeals Council. Plaintiff filed the current applications for DIB and SSI on December 21, 2011, alleging disability beginning November 10, 2008. Because *res judicata* applies to the prior ALJ decisions, this cases concerns the period beginning July 30, 2011.

Plaintiff alleges disability due to "bulging disc C6–7, rheumatoid arthritis, bilateral carpal tunnel syndrome." Tr. 265. The Commissioner denied her applications initially and upon reconsideration. At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on November 4, 2013. Tr. 51-90. On December 4, 2013, the ALJ found Plaintiff not disabled. Tr. 32-50.

Plaintiff petitioned the Appeals Counsel for review of the ALJ's decision. She submitted evidence to the Appeals Counsel consisting of 300 pages of Kaiser Permanente medical records predating her alleged onset date of July 30, 2011; a psychological examination report dated August 6, 2014, by Scott T. Alvord, Psy.D., and Mental Residual Functional Capacity Assessment.; treatment notes from Multnomah County Health Department dated January 24, 2014 through May 30, 2014. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision Tr. 1-6. The Appeals Council further found that Dr.

Page 2 - REPORT AND RECOMMENDATION

Alvord's medical evidence related to the period after the ALJ's December 2013 decision, and therefore those records did not affect the ALJ's decision. Tr. 2. The Appeals Council found the Kaiser records not new or material because they predated the period at issue. The Appeals Council declined to consider this new evidence and did not make it part of the Administrative Record. Plaintiff now seeks judicial review of that decision.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which...has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 416.920(SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(I). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe

Page 3 - REPORT AND RECOMMENDATION

impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);
416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis
proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the
impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii);
416.920(a)(4)(iii). If the impairment does not meet or equal one or more of
the listed impairments, the analysis proceeds beyond step three. At that
point, the ALJ must evaluate medical and other relevant evidence to assess
and determine the claimant's "residual functional capacity" ("RFC"). This
is an assessment of work-related activities that the claimant may still
perform on a regular and continuing basis, despite any limitations imposed
by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c);
416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC,
the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC
assessment? If so, then the claimant is not disabled. 20 C.F.R.
§§404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform
his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience,
is the claimant able to make an adjustment to other work that exists in
significant numbers in the national economy? If so, then the claimant is
not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c);
416.960(c). If the claimant cannot perform such work, he or she is
disabled. *Id.*

*See also Bustamante v. Massanari,* 262. F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant numbers

in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.; see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ applied the sequential process. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since her amended onset date of July 30, 2011, and met the insured status requirements of the Social Security Act through December 31, 2013. Tr. 38. At step two, the ALJ found Plaintiff's degenerative disc disease of the cervical spine, carpal tunnel syndrome, asthma, and anxiety disorder were severe impairments. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the specific impairments listed in the regulations. Tr. 39.

The ALJ determined that Plaintiff had the RFC to perform light work but with the following limitations: she cannot climb ladders, ropes or scaffolds, stand and walk for about six hours and sit for about six hours in an eight-hour workday with normal breaks. She can lift, carry, push, and pull within the light exertional limits. She can occasionally stoop, kneel, crouch, and crawl. She can perform work in which dust, fumes, odors, gases, and or poor ventilation are not present, and that does not require more than occasional full rotation of the neck, such as may be required in the operation of a motor vehicle, or in other stationary positions requiring a 360 degree lookout. She

Page 5 - REPORT AND RECOMMENDATION

can frequently finger and handle. She can understand, remember and carry out work that is unskilled, routine, and repetitive. Tr. 40-41.

In reaching his conclusion, the ALJ considered Plaintiff's testimony, but found her not fully credible. Tr. 41. At step four, the ALJ found Plaintiff was unable to perform her past relevant work. Tr. 44. At step five, the ALJ found there were jobs in the national economy Plaintiff can perform, including small products assembler, photo copy machine operator, and new account clerk.

Tr. 45. Therefore, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, through December 4, 2013.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009)(quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Id.* "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue,* 495 F.3d

Page 6 - REPORT AND RECOMMENDATION

625, 630 (9th Cir. 2007)(quoting *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted)).    The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.; see also Bray,* 554 F.3d at 1226.

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner,* 399 F.2d 532, 540 (9th Cir. 1968).    Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues that the Appeals Council erred in failing to consider the evidence from Dr. Alvord and the evidence from Kaiser Permanente.  In the alternative, Plaintiff Moves for Remand pursuant to sentence six of 42 U.S.C. § 405(g).  She further argues the  ALJ erred by (1) failing to find depression and fibromyalgia severe impairments at step two; (2) improperly finding her less than fully credible; (3) improperly weighing the medical evidence; and (4) improperly formulating her RFC.  Because this matter should be remanded for supplemental proceedings, the court need not address the assertions of error by the ALJ.

## I. Supplemental Evidence Submitted to the Appeals Council

### A. September 2014 Report by Scott T. Alvord, Psy.D.

Plaintiff argues the Appeals Council erred by failing to consider evidence from Dr. Alvord. Plaintiff submitted to the Appeals Council a report by Dr. Alvord dated September 6-21, 2014. Dct.

Page 7 - REPORT AND RECOMMENDATION

20-2. Plaintiff also submitted a Mental Residual Functional Capacity form ("MRFC") completed by Dr. Alvord. Dct. 20-4.

Dr. Alvord completed a comprehensive psychological evaluation that included a clinical interview, mental status examination, records review, and extensive psychometric testing. Dr. Alvord administered the Wechsler Adult Intelligence Scale 4th Edition ("WAIS IV"), the Wechsler Memory Scale 4th Edition ("WMS IV"), the Trail Making Test, and the Test of Memory Malingering. Based on his evaluation, Dr. Alvord diagnosed Major Depressive Disorder, recurrent (severe); Obsessive Compulsive Disorder; and Panic Disorder with Agoraphobia, and assessed a GAF of 45. Dct. 20-2, at 8.

Plaintiff submitted Dr. Alvord's report and MRFC assessment to the Appeals Council in support of her request for review. Tr. 2. The Appeals Council denied Plaintiff's request, stating they had looked at Dr. Alvord's assessment dated August 6-21, 2014, but the ALJ "decided your case through December 4, 2013. The new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 4, 2013." Tr. 2.

Plaintiff contends the Appeals Council was required to examine Dr. Alvord's opinions in determining whether to grant review of the ALJ's decision. The Commissioner's regulations provide that "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). The Ninth Circuit has interpreted this to include medical evaluations made after the ALJ's decision where they concern the claimant's condition during the time period prior to the ALJ's decision. *Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1232 (9th Cir. 2011).

Page 8 - REPORT AND RECOMMENDATION

Dr. Alvord's evidence relates to the period of time on or before the date of the ALJ's decision. Dr. Alvord stated that in "terms of reasonable psychiatric probability, her symptoms are believed to have existed at their current level of severity beginning 7/30/11 until 12/4/13, based upon the typical presentation of depression and anxiety over the lifetime in an individual suffering from external stressors, medical issues including pain, and a history of poor response to treatment." Dct. 20-2, at 4. Dr. Alvord opined that the stress of attempting to work or maintain a schedule would exacerbate panic and contribute to decompensation. Dct. 20-2, at 7. Dr. Alvord stated Plaintiff would be unable to respond to instruction, reliably transport herself to a job, or maintain concentration, persistence and pace. *Id.* Therefore, the Appeals Council erred in concluding Dr. Alvord's report related to a later time period and in refusing to examine Dr. Alvord's report.

The Ninth Circuit has found that "[w]here the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1232 (9th Cir. 2011)(citing 20 C.F.R. § 404.970(b)). Because the Appeals Council improperly rejected Dr. Alvord's evidence, the court should remand the matter to the ALJ for consideration of this evidence at each step of the sequential analysis and any relevant credibility findings.

The Commissioner argues that under sentence six of 42 U.S.C. § 405(g) the court may only remand for further proceedings if Plaintiff has shown good cause for failing to produce the evidence from Dr. Alvord earlier. Plaintiff argues that the evidence from Dr. Alvord is not subject to the good cause requirement of 42 U.S.C. § 405(g) because the evidence was properly before the Appeals Council pursuant to 20 C.F.R. § 970(b). The *Taylor* court found that remand to the ALJ was

Page 9 - REPORT AND RECOMMENDATION

appropriate under 20 C.F.R. § 404.970(b) and did not discuss the good cause and materiality requirements of a sentence six remand under 42 U.S.C. 405(g).

## B. Kaiser Permanente Records of March 2006 through November 2009

Plaintiff contends the Kaiser Permanente records contain evidence of diagnoses of myofascial pain syndrome that support her allegation that fibromyalgia is a severe impairment. Accordingly, the Appeals Council erred by failing to make the records part of the administrative record.

## RECOMMENDATION

For the foregoing reasons, the Commissioner's final decision should be **REVERSED** and this matter should be **REMANDED** pursuant to sentence four, 42 U.S.C. § 405(g), for consideration of all of the medical evidence.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

DATED this ___ day of November 2016.

Mark D. Clarke
United States Magistrate Judge